The President
delivered the opinion of the Court.
The case may be at once discharged of the condition, which, it was contended, had prevented the devise of the residue from taking effect, inasmuch as the act of manumission had been obtained. The condition is clearly confined to the slaves, and not to the other part of the residuary estate.
The testator was anxious about the liberation of his slaves, which he considered as depending very much upon the zeal of his executors in their application for that purpose to the Legislature. His executors are, with others, constituted his residuary legatees, and therefore, it never could have been in the contemplation of the testator to tempt his executors to withhold the ardor necessary to promote this his favourite wish, by punishing them with the loss of all the residue if they succeeded. He was under the necessity of confiding in them, so far as the slaves were concerned; *62 and the event has proven that his confidence was not misplaced, or injudiciously given.
How then does this cause stand upon the principal question, throwing the slaves out of the question ? It is admitted on all hands, that the intention of the testator is to be sought for, and observed: but that intention is to be collected from the will itself. In questions which relate to the subject of the devise, or to the quantum of interest given, we find the Judges labouring and catching at slight expressions of illiterate men, in order to effectuate their intentions. In the case of Hogan, v. Jackson, Cowp. Rep. 299, the Court are seen struggling to give to the words “ wordly substance”—u all my effects &c.” the same meaning as property.
That term is used in this case, and is as comprehensive as any which could have been thought of, for the purpose of embracing every thing. In the case of Huxstep v. Brooman. 1 Bro. C. C. 437: The words; “ all I am worthwere adjudged sufficient to pass lands.
Upon the whole, the Court are unanimously of opinion, that the judgment of the District Court is right, and is to be affirmed.
Judgment affirmed.